**McKENZIE TANK LINES, INC., Plaintiff,**

v.

**The UNITED STATES of America and the Interstate Commerce Commission, Defendants.**

**Civ. A. No. 870.**

United States District Court
N. D. Florida,
Tallahassee Division.

Nov. 15, 1962.

Dan R. Schwartz and Norman J. Bolinger, of Schwartz, Proctor, Bolinger & Austin, Jacksonville, Fla., for plaintiff.

Clinton N. Ashmore, U. S. Atty., N.D. Fla., Tallahassee, Fla., Lee Loevinger, Asst. Atty. Gen., and John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Robert W. Ginnane, Gen. Counsel, and James Y. Piper, Asst. Gen. Counsel, I. C. C., Washington, D. C., for defendants.

Before JONES, Circuit Judge; SIMPSON and CARSWELL, District Judges.

PER CURIAM.

McKenzie Tank Lines, Inc., plaintiff here, originally filed two separate applications before the Interstate Commerce Commission under Title 49, United States Code, section 306, for certificate of public convenience and necessity: (1) to transport crude tall oil from Foley, Florida and Clyattville, Georgia to Bay Minette, Alabama and pulpmill liquid from Clyattville to Bay Minette; and (2) to transport crude tall oil from Clyattville to Port St. Joe, Florida.

W. M. Chambers Truck Lines, Inc., filed as protestant.

In the normal course of administrative procedure two separate joint boards recommended to the Commission that McKenzie's applications be granted.

On review the full Commission considered these recommendations in behalf of McKenzie, as well as the adverse contentions developed by protestant Chambers. The plaintiff's two applications were consolidated for decision together with four other applications. The Commission's decision is reported as Hearin Tank Lines, Inc., Extension—Tall Oil, 88 MCC 189, decided October 23, 1961.

Plaintiff's action here is brought under Title 28, United States Code, Sections 1336, 1398, 2284 and 2321–2325 to set aside the Commission's order insofar as it denies plaintiff's applications for certification.

■ In essence the Commission's decision determined the issue for protestant Chambers against plaintiff McKenzie by holding that the words "vegetable oil" appearing in its certificate previously granted to Chambers included all oils having their origin in plants. Under this construction the certificate of convenience and necessity held by protestant Chambers precluded certification sought by McKenzie in each of its applications.

Four of the eleven Commissioners agreed with McKenzie that this conclusion ran counter to scientific evidence that tall oil is, in fact, a chemical liquid and could not, therefore, be embraced within the ambit of Chambers' authority to transport vegetable oils. McKenzie urges that the Commission thus erroneously granted additional authority to the protestant by failing to observe the restrictions placed on it in Section 207(a) of the Interstate Commerce Act.[1]

Whatever evidence plaintiff might have adduced to support its applications for certification and however reasonable its case may be in this regard, we do not reach that issue if it be found that the Commission did not err in its interpretation of Chambers' certification.

We find that the Commission did not exceed its authority in construing crude tall oil as a vegetable oil within the meaning of the Chambers Certification. It follows that neither did the Commission's order in such regard violate Section 207 of the Act.

■ The Commission's power to construe words, terms, or phrases used by it in its own certificates should be given considerable latitude and unless its interpretation be a plain abuse of discretion, arbitrary, or capricious, or violative of established law, the Commission's view of its own language should prevail.

---

1. Section 207(a) of the Interstate Commerce Act (Title 49, United States Code, section 307(a)) provides:

   "Subject to section 310 of this title, a certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found that the applicant is fit, willing, and able properly to perform the service proposed and to conform to the provisions of this chapter and the requirements, rules, and regulations of the Commission thereunder, and that the proposed service, to the extent to be authorized by the certificate, is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied: *Provided, however,* That no such certificate shall be issued to any common carrier of passengers by motor vehicle for operations over other than a regular route or routes, and between fixed termini, except as such carriers may be authorized to engage in special or charter operations."

Our scope of review in such case is a limited one which has been consistently reaffirmed by the courts. See Service Storage & Transfer Co., Inc. v. Virginia, 359 U.S. 171, 178, 79 S.Ct. 714, 3 L.Ed.2d 717 (1959); Nelson, Inc. v. United States, 355 U.S. 554, 78 S.Ct. 496, 2 L.Ed.2d 484 (1958); Allen v. United States, 187 F.Supp. 625 (D.C., 1960); and Malone Freight Lines, Inc. v. United States, 107 F.Supp. 946 at 949 (N.D.Ala., 1952), affirmed 344 U.S. 925, 73 S.Ct. 497, 97 L.Ed. 712 where the District Court said:

"Our function does not involve a de novo construction of the certificate or a re-evaluation of the undisputed facts relating to the services being performed under the pretended warrant of its authority. We are not concerned with the weight of the evidence. The scope of our review is necessarily confined to the interpretation placed by the Commission upon a certificate of its own creation. We are bound by that interpretation unless we are persuaded that it was capricious or arbitrary, that it constituted an abuse of discretion, or that it did violence to some established principle of law. It is beyond our province to consider 'the soundness of the reasoning by which its conclusions were reached.' "

We think this is applicable especially to the meaning to be given terms denoting generic classification of commercial products relating to industrial transportation under the regulatory purposes of the Interstate Commerce Act.

Clashes between precise, and often esoteric, scientific definitions of component parts of products and the general understanding in the commercial world are rather to be expected with the advance of knowledge. Assuming this to be the case with crude tall oil or pulpmill liquid, we cannot say that the Commission was arbitrary, or capricious, or abused its discretion, or violated Section 207 of the Act, in deciding that for the purposes of its certificates in the field of transportation crude tall oil and pulp-mill liquid should be considered vegetable oils.

The complaint will be dismissed and the order of the Commission is

Sustained.